UNITED STATES *v.* INTERNATIONAL FORWARDING Co., INC., A/C OZALID CORPORATION (No. 4187) [1]

[1] C. A. D. 56.

United States Court of Customs and Patent Appeals, May 1, 1939

*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector*, special attorney, of counsel), for the United States.
*Pickrell & McDonald* (*Eugene R. Pickrell* of counsel) for appellee.

[Oral argument April 14, 1939, by Mr. Spector and Mr. Eugene R. Pickrell]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Third Division, involving twenty-eight appeals for reappraisement.

The merchandise involved consists of sensitizing paper in rolls, also known as positive reproduction paper, imported from Germany during the period from June 1933 to April 1934. It was entered at the port of New York on the basis of export value and appraised upon the basis of foreign value. The said paper bore the trade-mark "OZALID," which trade-mark is used by the manufacturer upon paper of this character.

The importer took appeals for reappraisement. Upon the hearing before the trial court the appeals were consolidated for purposes of trial. The principal evidence introduced in behalf of appellee consisted of two affidavits made by employees of the exporter of the merchandise; a Treasury special agent's report was introduced by the Government.

Upon the conclusion of the evidence introduced by appellee the Government moved to dismiss the appeals upon the ground that appellee had failed to overcome the presumption of correctness of the appraiser's finding of value. Said motion was taken under advisement and in the decision of the trial court it was denied.

The trial court found that there was no foreign value of the merchandise, that its export value is the correct basis of appraisement, and that the entered value of the merchandise is its dutiable value.

Upon review the appellate division affirmed the decision of the trial court and entered judgment accordingly. From such judgment this appeal was taken.

Inasmuch as we find no substantial evidence in the record sustaining the finding that there was no foreign value of the merchandise, no other issue raised by the parties need be considered by us.

It appears that the manufacturer and exporter of the merchandise was the firm of Kalle & Co. of Wiesbaden-Biebrich, Germany, and all of the evidence in the record relates to sales and offers for sale by Kalle & Co. in Germany, both for home consumption and for export to the United States. With respect to sales in Germany for home consumption there is substantial evidence that they were made only to consumers, were restricted in that purchasers were not permitted to resell the merchandise, and also that in making such sales there was no uniform price or usual wholesale quantity.

Had it been shown that the business practice of the exporter was representative of the general business practices of other manufacturers in Germany with respect to sales of such or similar merchandise, we would hold that there was substantial evidence sustaining the conclusion of the trial court and the appellate division that there was no foreign value of the involved merchandise; but there is nothing in the record with respect to the business practices of other manufacturers in Germany, and there is nothing to show that such or similar merchandise was not freely offered for sale in Germany by other manufacturers in usual wholesale quantities at a uniform price, in the ordinary course of trade, without restrictions of any kind.

Section 402 (c) of the Tariff Act of 1930 reads as follows:

SEC. 402. VALUE.

\* \* \* \* \* \* \*

(c) FOREIGN VALUE.—The foreign value of imported merchandise shall be the market value or the price at the time of exportation of such merchandise to the

United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

The case of *Meadows, Wye & Co. (Inc.) et al.* v. *United States,* 17 C. C. P. A. (Customs) 36, T. D. 43324, involved, among other things, section 402 (b) of the Tariff Act of 1922, which was identical with section 402 (c) of the Tariff Act of 1930. In our opinion in that case we stated:

In order to prove that the involved merchandise has no foreign values as claimed, it was incumbent upon the importers to establish that neither "such" (the involved) nor "similar" merchandise was freely offered for sale to all purchasers in the principal markets of the British Isles, in the usual wholesale quantities and in the ordinary course of trade. *United States* v. *F. Vietor & Achelis,* 16 Ct. Cust. Appls. 122, T. D. 42767.

In the case of *United States* v. *F. Vietor & Achelis,* 16 Ct. Cust. Appls. 122, T. D. 42767, involving export value under section 402 (c) of the Tariff Act of 1922, we said:

The court below was called upon to weigh the evidence introduced in the case. It did so, and held in favor of the importer. Had the evidence introduced by the importer been substantial, and had it met all of the issues presented by the appeal to reappraisement, we would be required under the law to affirm the judgment.

We have studied the record with care and have failed to find any evidence to establish that merchandise *similar* to that imported was not freely offered for sale to all purchasers in the principal markets of Germany *for exportation to the United States by some manufacturer or organization.*

The fact that the German manufacturer of the involved merchandise sold in Germany such or similar merchandise only to consumers, at prices that were not uniform, and that it placed restrictions upon such sales, is no evidence whatever that such or similar merchandise was not sold in Germany by other manufacturers in the usual wholesale quantities at uniform prices, in the ordinary course of trade, without any restrictions.

It is true that evidence of sales by one manufacturer may or may not, depending upon the circumstances, be sufficient to establish the market value of merchandise. *Stone & Downer Co. etc.* v. *United States,* 21 C. C. P. A. (Customs) 479, T. D. 46958.

We are clear that the circumstances attending the sales in Germany by the manufacturer of the involved merchandise are not such as to create any presumption that such sales were representative of the sales in Germany by other manufacturers of such or similar merchandise, and certainly there can be no presumption that sales in Germany of such or similar merchandise were not made by other manufacturers without restriction, the record being wholly silent upon that subject.

It is also true that where, in a reappraisement proceeding, both the Government and the importer have proceeded upon the theory that the business of a manufacturer of involved merchandise, with respect to usual wholesale quantities and the ordinary course of trade, was representative of the industry generally, it will be so assumed by the courts. *Jenkins Brothers* v. *United States*, 25 C. C. P. A. (Customs) 90, T. D. 49093.

However, this situation does not exist in the case at bar, for the Government moved to dismiss the appeals for reappraisement upon the ground that appellee had failed to overcome the presumption of the correctness of the value found by the local appraiser, and in the Government's brief before us, and upon oral argument, the point was expressly made that there was no evidence in the record that sales of such or similar merchandise were not made by other manufacturers in Germany during the periods involved herein.

For the reasons hereinbefore stated, we are constrained to hold that there is no substantial evidence in the record establishing lack of foreign value of the merchandise here involved, and that the appeals to reappraisement should have been dismissed.

Appellee's counsel requests that, in the event we find that the judgment appealed from must be reversed, we remand the case with directions that the appellate division remand the case to the trial court for a new trial, in order that appellee may, by proper evidence, establish the absence of foreign value of the involved merchandise. We cannot comply with this request. In the case of *Lionel Trading Co., Inc.* v. *United States*, 21 C. C. P. A. (Customs) 362, T. D. 46889, we said, in denying a similar request:

This is not a case where the parties proceeded upon a wrong theory, and where, in the interest of justice, we have remanded a case for a new trial, such as *United States* v. *Tide Water Oil Co.*, 19 C. C. P. A. 392, T. D. 45554, and *Chas. A. Johnson & Co.* v. *United States*, 17 C. C. P. A. (Customs) 107, T. D. 43432.

In the case at bar there is simply a question of proof of the cost of production, which was the only issue involved upon the retrial of the case, and we think that the general rule stated in *United States* v. *Malhame & Co.*, 19 C. C. P. A. (Customs) 164, T. D. 45276, should be adhered to.

In the case at bar appellee was clearly under the burden, on its own theory of the case, of establishing the absence of a foreign value of the involved merchandise.

Section 501 of said Tariff Act of 1930 provides in part:

\* \* \* The value found by the appraiser shall be presumed to be the value of the merchandise and the burden shall rest upon the party who challenges its correctness to prove otherwise.

So in the case at bar there is simply a question of proof negativing the existence of a foreign value of the merchandise, and that question confronted appellee at the very threshold of the trial. Under these

circumstances we would not be warranted in remanding the case with directions that a new trial be ordered.

The judgment appealed from is *reversed,* and the cause is *remanded* with directions to remand the case to the trial court with instructions to dismiss the appeals for reappraisement.